UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:18-CV-20770-JLK

ROSEANN ALBANESE,

      Plaintiff,

v.

NCL (BAHAMAS) LTD., a Bermuda
company d/b/a NORWEGIAN CRUISE
LINES,

      Defendant.

_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**THIS MATTER** comes before the Court upon Defendant NCL (Bahamas) Ltd.'s ("NCL")

Motion for Summary Judgment ("Motion") (D.E. 16), filed August 5, 2019.  No Response was

filed.[1]

    **I.**     **BACKGROUND**

This personal injury case arises from Plaintiff's fall while attempting to walk from one

floating dock to another on a shore excursion from an NCL ship.  Specifically, Plaintiff alleges in

her Complaint that "[o]n or about June 20, 2017," while a passenger on the NCL vessel *Norwegian*

*Gem Voyage,* she went on a day excursion to Great Stirrup Cay (D.E. 1, ¶¶ 4–6).   According to

her Complaint, first, Plaintiff Roseann Albanese, together with Sam Albanese, were "taken by a

tender (mini ferry), from the ship to Great Stirrup Cay;" then, she was "transferred via a small mini

ferry . . . for the next portion of the excursion;" finally, she was "assisted onto an unstable,

---

[1] The Court extended the deadline for Plaintiff's Response from August 19, 2019 to August 26, 2019 (D.E.
17), but Plaintiff neglected to file anything.

rubberish floating dock with instructions to transfer again, to another unstable, rubberish floating dock, this time without assistance," and fell (*id.* ¶¶ 7, 9, 11–12).

Following the close of all discovery, NCL filed the instant Motion for Summary Judgment, arguing that (a) it is not vicariously liable for Plaintiff's injury where it "does not own or control Stingray City Bahamas or Stingray Island Bahamas [the companies that provided the excursion to Great Stirrup Cay] and they are not in a joint venture relationship" (D.E. 16, at 1–2); and (b) it is not directly liable for Plaintiff's injury where it was not on notice of any condition on the shore excursion that created a risk to passengers (*id.* at 6, 10).

## II. DISCUSSION

### A. Legal Standard on Summary Judgment

Summary judgment is appropriate where there is "no *genuine* issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c) (emphasis added); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). An issue is genuine if a reasonable fact finder could return a verdict for the nonmoving party. *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996). A fact is material if it may affect the outcome of the case under the applicable substantive law. *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997). The moving party has the burden of establishing both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 106 S. Ct. 1348, 1356 (1986).

### B. Maritime Negligence

To prevail on a maritime negligence claim, a plaintiff must establish that (1) the defendant owed the plaintiff a duty (*e.g.*, to maintain the ship in a safe condition for passengers, to warn passengers of dangers that are not open and obvious); (2) the defendant breached the duty; and

2

(3) the breach actually and proximately caused injury to the plaintiff. *See, e.g., Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012). The duty of care that a shipowner owes to passengers is "ordinary reasonable care under the circumstances." *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1322 (11th Cir. 1989). As such, for liability to exist, "the carrier [must] have had actual or constructive notice of the risk-creating condition, at least where . . . the menace is one commonly encountered on land and not clearly linked to nautical adventure." *Id.* An example of constructive notice is where a "hazard [has] been present for a period of time so lengthy as to [reasonably] invite corrective measures" by the shipowner. *Id.* Evidence of "substantially similar" prior accidents or occurrences may also support the ship owner having had notice. *See Sorrels v. NCL (Bah.) Ltd.*, 796 F.3d 1275, 1287–88 (11th Cir. 2015).

## C. NCL Is Not Liable for Plaintiff's Injury

NCL posits in its Statement of Material Facts[2] that "Plaintiff booked a shore excursion in Great Stirrup cay called Stingray City Bahamas" (D.E. 16, at 2, ¶ 5). In support, NCL has provided a shore excursion ticket to Great Stirrup Cay dated "6/20/2017" in the name of "ALBANESE, SAMUEL – Stateroom: 10124" labeled "Stingray City Bahamas" (D.E. 16-2). The ticket states at the bottom "Operated by: Stingray Island Bahamas" (*id.*). The back of the shore excursion ticket (titled "CONDITIONS OF CONTRACT") states:

> [NCL] and its agents and vessels have no ownership or control over the means of transportation or any other services furnished in connection with such independent shore excursions. The owners or contractors providing such transportation or any other services are independent contractors and control these operations . . . These owners or contractors are not [NCL's] joint ventures, agents, and/or employees, and have no other relationship with Norwegian other than that of independent contractor . . . Guest hereby releases [NCL], its agents and vessels, from any and all liability associated with the independent shore excursion(s) and agrees to hold [NCL] . . .

---

[2] Pursuant to Southern District of Florida Local Rule 56.1(b), where Plaintiff has not filed any Response, all material facts set forth in NCL's Statement of Material Facts are deemed admitted "provided that the Court finds that the movant's statement is supported by evidence in the record."

harmless from any and all loss [or] injury . . . however caused and of whatsoever nature, in connection with the independent shore excursions.

(D.E. 16, at 3, ¶ 6; D.E. 16-3). Consistent with this, NCL has proffered its Standard Shore Excursion Agreement between NCL and Stingray Island Bahamas signed in December 2016 (*see* D.E. 16-6, at 1, 10) for the 2017 and 2018 calendar years (*id.* at 2, ¶ 4), which states that "[t]he Operator's relationship with [NCL] during the Term of this Agreement shall be that of an independent contractor" (*id.* at 1, ¶ 2).

Moreover, the back of the shore excursion ticket also states that "the terms and conditions of [NCL's] Guest Ticket Contract are incorporated into this [ticket]" (D.E. 16-3). NCL's Guest Ticket Contract, "which all passengers are required to accept to cruise with [NCL]" (D.E. 16, at 2, ¶ 3), attached as Exhibit 1, provides that "Purchaser acknowledges that Norwegian Cruise Line does not own, control, maintain or supervise any . . . tour operators [or] sightseeing tours" and that "Purchaser acknowledges and agrees that each such provider is an independent contractor who is not and shall not be deemed an agent of Norwegian Cruise Line" (D.E. 16-1, at 9).

Furthermore, the back of the shore excursion ticket states that "[t]he Guest agrees that he/she will be bound by all terms and conditions contained in all applicable tickets and tariffs of the shoreside independent contractor" (D.E. 16-3). NCL has proffered the "Stingray City Bahamas Complete Liability Release" (D.E. 16-4), and a list of signatures agreeing to its terms dated "6/20/17" at "11:20" with "RoseAnn Albanese" as the fifth signature (*id.* at 2). The terms include that "I agree to forever discharge and release Stingray Island Bahamas LTD, its employees and agents from any and all responsibility or liability for any and all injuries [or] damage" (*id.* at 1).

Upon consideration of the above uncontradicted record evidence, the Court concludes that NCL cannot be held vicariously liable for any negligence of Stingray City Bahamas that may have caused Plaintiff's fall. Nor has Plaintiff put forth evidence of substantially similar incidents or any

4

other means by which NCL would have had notice of an unsafe condition on the shore excursion so that NCL could be held *directly* liable for Plaintiff's fall.

## III.    CONCLUSION

As set forth above, NCL has met its burden in supporting its entitlement to judgment as a matter of law on Plaintiff's negligence claims, including that it is not liable for any negligence by the shore excursion that may have caused her fall. Accordingly, it is **ORDERED, ADJUDGED, and DECREED** that Defendant's Motion for Summary Judgment **(D.E. 16)** be, and the same is, hereby **GRANTED**.[3]  In accordance with Federal Rule of Civil Procedure 58(a), final judgment will be set out in a separate document.

**DONE and ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse in Miami, Florida, on this 28th day of August, 2019.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc:    **All Counsel of Record**

---

[3] This cancels all dates in the Scheduling Order (D.E. 13), including the pretrial conference set for October 4, 2019, and the jury trial set for the two-week period beginning December 9, 2019.